[No. S143819. Aug. 4, 2008.]

MARIA DOLORES RAMIREZ et al., Plaintiffs and Appellants, v.
THOMAS NELSON et al., Defendants and Respondents.

910

**COUNSEL**

Law Offices of William L. Veen, The Veen Firm, Kevin Lancaster and Mary Anne Bendotoff for Plaintiffs and Appellants.

Grant, Genovese & Baratta, Lance D. Orloff; Henderson & Borgeson, Daniel E. Henderson III and Jill L. Friedman for Defendants and Respondents.

Crandall, Wade & Lowe and William R. Lowe for State Farm General Insurance Company as Amicus Curiae on behalf of Defendants and Respondents.

**OPINION**

**BAXTER, J.—**

### Introduction

A worker for an unlicensed contractor hired by homeowners to trim trees at their residence was electrocuted when his polesaw came in contact with an overhead high voltage line. The decedent's heirs brought this wrongful death action against the homeowners, alleging they negligently failed to keep their property in a reasonably safe condition, and failed to warn the contractor or his workers, including the decedent, about the hazardous condition presented by the high voltage power lines adjacent to their trees.

Plaintiffs further identified a statute, Penal Code section 385, subdivision (b) (section 385(b)), that makes it a misdemeanor for any person, either personally "or through an employee" (*ibid.*), to move any tool or equipment within six feet of a high voltage overhead line. Plaintiffs argued section 385(b) sets forth a special duty of care with regard to the use of tools or equipment in close proximity to high voltage lines; that such duty was violated here given that the decedent's polesaw came in contact with the power lines, causing his electrocution; and that if the decedent is found to have been the homeowners' "employee" (§ 385(b)) at the time of the fatal accident, the homeowners are vicariously liable for breach of that duty under the express terms of the statute, giving rise to a presumption of negligence under Evidence Code section 669.[1] Plaintiffs then argued the decedent was the homeowners'

---

[1] Evidence Code section 669, discussed in greater detail below, provides that a presumption of negligence ("negligence per se") arises from a tortfeasor's failure to exercise due care in violation of a statute designed to protect a class of persons, of which the injured party is a member, from the type of injury sustained.

employee by operation of law under the "penultimate paragraph" of Labor Code section 2750.5, as construed in *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1985) 40 Cal.3d 5, 15 [219 Cal.Rptr. 13, 706 P.2d 1146] (*State Compensation*). In *State Compensation*, this court interpreted section 2750.5 to mean that *unlicensed* contractors who become injured on the job are not independent contractors in the eyes of the law, but are instead, by operation of law, employees of the party who hired them for purposes of establishing workers' compensation benefit eligibility. (*State Compensation*, at p. 15.)

The trial court disagreed with both prongs of plaintiffs' negligence per se theory of the case and submitted the matter to the jury on standard negligence instructions. The jury returned a verdict for defendant homeowners. The Court of Appeal reversed and remanded, concluding a violation of the duty of care embodied in section 385(b) would support plaintiffs' negligence per se theory of liability if the decedent was shown to have been the homeowners' employee, and that under the penultimate paragraph of Labor Code section 2750.5, the decedent was the homeowners' employee at law, requiring jury instructions on section 385(b) and the resulting presumption of negligence.

We granted review to address both questions of statutory interpretation implicated in the Court of Appeal's holding. First, does section 385(b) set forth a statutory duty of care owed by these homeowners to the decedent in the first instance, such that plaintiffs' case should have been submitted to the jury on a negligence per se theory of liability pursuant to Evidence Code section 669? Second, if section 385(b) does indeed establish such a duty of care as between these parties, then was the decedent the homeowners' employee by operation of law under Labor Code section 2750.5, for purposes of establishing defendants' vicarious liability under section 385(b) for breach of that duty?

■ We conclude the Court of Appeal erred in finding section 385(b) sets forth a special duty of care owed by these homeowners to the decedent. The Court of Appeal's rationale effectively makes defendant homeowners vicariously liable in tort for the worker's own negligent acts or omissions which themselves violated the statute and proximately caused his fatal injuries. As will be explained, the fatally injured worker who, through his own conduct, breached the duty of care embodied in section 385(b), was not "one of the class of persons for whose protection the statute . . . was adopted." (Evid. Code, § 669, subd. (a)(4).) We find the jury was properly instructed under plaintiffs' common law negligence theory, and that the trial court properly refused to further instruct on section 385(b) and plaintiffs' negligence per se theory of the case. Accordingly, the judgment of the Court of Appeal to the contrary will be reversed.

■  In light of our conclusion that section 385(b) cannot serve to support negligence per se instructions within the meaning of Evidence Code section 669, we have no occasion to reach or address plaintiffs' further claim that the decedent was the homeowners' employee at law under Labor Code section 2750.5, as interpreted in *State Compensation.*

### Statement of Facts and Procedural Background

Maria Dolores Ramirez and Martin Flores (plaintiffs) are the parents of the decedent, Luis Flores.

Thomas and Vivian Nelson are homeowners. Their backyard has a number of trees, including a eucalyptus tree over 15 feet in height. Every two or three years, Southern California Edison has the eucalyptus tree trimmed so that its branches do not reach the high voltage electrical lines that run above the tree. The electrical lines are openly visible to everyone.

On January 15, 2002, Southern California Edison's tree trimmers gave the Nelsons notice they would trim the eucalyptus tree the next day, but they did not do so. Several weeks later, the Nelsons orally contracted with Julian Rodriguez, the sole proprietor of Julian Rodriguez Landscape and Tree Service, to "top" and trim several trees in their backyard. The Nelsons had used Rodriguez four or five times in the past to top and trim the trees. Their neighbor had used him for many years. The Nelsons believed Rodriguez did professional work trimming trees, and left it to his good judgment as to how, or to what height, to top and trim their trees.

Rodriguez arrived at the Nelsons' home on February 14, 2002. He had a crew of four men, including the decedent Luis Flores. Flores worked on the eucalyptus tree while other crew members worked on other trees in the Nelsons' backyard. The Nelsons neither supervised the trimming, nor did they furnish the tools for the job.

Vivian Nelson could see Flores working about halfway up in the eucalyptus tree from her kitchen window. He was working above his shoulders with a polesaw. She could not tell from her kitchen window of what material the polesaw was made.

Around noon, Vivian Nelson heard men shouting in Spanish. She looked out the kitchen window, and saw men running to the eucalyptus tree. She went out onto her deck, and saw Flores hanging in the eucalyptus tree from his safety harness. She called her husband, who called 911.

Flores had been killed by electrocution. No one saw the accident happen. After the accident, Vivian Nelson noticed that the polesaw Flores had been using was made of aluminum and wood.

Plaintiffs, the decedent's family, filed a first amended complaint against the Nelsons alleging negligence and wrongful death. The general negligence theory alleged (and ultimately argued to the jury) was that the Nelsons knew the high voltage lines constituted a dangerous condition on their property, knew the utility company responsible for the power lines in the past had trimmed the tree on which the decedent was working when electrocuted, knew or should have known Rodriguez and his workers were unlicensed contractors, and nonetheless negligently failed to warn or act as would reasonable homeowners under the circumstances in contracting with Rodriguez to trim the tree in question.

Plaintiffs' complaint further alleged there were in effect at the time of the decedent's death regulations enacted pursuant to the California Occupational Safety and Health Act of 1973 (Cal-OSHA; Lab. Code, § 6300 et seq.) (see Cal. Code Regs., tit. 8, §§ 2940.2, 2941, 2946, 2950, 2951, 3247) governing operating procedures for work on or in proximity to overhead high voltage lines; that the homeowners were statutory employers of the decedent within the meaning of the workers' compensation laws; and that in that legal capacity they became liable for violations of the Cal-OSHA regulations, proximately causing the worker's death, as well as for failing to secure the payment of workers' compensation benefits for their "employee." (Lab. Code, § 3706.)

During the hearing of pretrial motions it became apparent to the trial court and parties that the workers' compensation laws were inapplicable to this case for two reasons. First, the Nelsons had hired contractor Rodriguez and his workers to perform noncommercial tree trimming services, which category of work, as a matter of law, constitutes "household domestic service" not subject to regulation under Cal-OSHA. (Lab. Code, § 6303, subd. (b); *Fernandez v. Lawson* (2003) 31 Cal.4th 31, 36–38 [1 Cal.Rptr.3d 422, 71 P.3d 779].) Second, the decedent had not worked the required 52 hours for the Nelsons, nor earned $100 during the 90 calendar days immediately preceding his death, so as to bring him within the special statutory definition of an "employee" eligible for workers' compensation benefits, regardless of whether defendants maintained insurance that included workers' compensation coverage for their "employees." (Lab. Code, §§ 3351, subd. (d), 3352, subd. (h).) Plaintiffs accordingly abandoned all aspects of their claims related to workers' compensation coverage at trial. At that point, the possible status of the decedent as the homeowners' employee at law was a legal nonissue.

Plaintiffs, however, then identified a statute, section 385(b), which makes it a misdemeanor for any person, either personally "or through an employee" (*ibid.*), to move any tool or equipment within six feet of a high voltage overhead line, and the applicability of section 385(b) to the case became the subject of in limine motions.

The plaintiffs acknowledged that the Nelsons' relationship with unlicensed contractor Rodriguez and their decedent did not give rise to Cal-OSHA regulatory prescriptions nor qualify them for workers' compensation death benefits. They nonetheless argued the decedent was the Nelsons' employee by operation of law under Labor Code section 2750.5, and that the Nelsons were therefore vicariously liable for any breach of the duty of care embodied in Penal Code section 385(b) in their capacity as the decedent's employers, giving rise to a presumption of negligence. Defendant homeowners in turn took the position that since they had hired contractor Rodriguez to perform domestic tree trimming services they were not subject to Cal-OSHA regulatory standards; that the decedent was contractor Rodriguez's worker-employee, not theirs; that they neither owed the decedent a duty of care under section 385(b), nor breached any duty of care to him under that section; and that the duty of care owed by them to the decedent was simply one of general negligence—that of reasonable homeowners acting under circumstances similar to those giving rise to this fatal accident. The decedent's status as the homeowners' employee at law under Labor Code section 2750.5 therefore became pivotal to the contested claim that the homeowners should be found liable for violating section 385(b) in their capacity as the decedent's employers.

Testimony before the jury established that the Nelsons did not know that Rodriguez and his workers were not licensed and had no workers' compensation insurance; that they did not furnish any tools to Rodriguez's work crew, nor the polesaw the decedent was using when electrocuted; that they believed Rodriguez ran a professional tree trimming service and left it to his good judgment as to how to do the work in their yard; and that the overhead high voltage lines were openly visible to all. The plaintiffs' safety expert further acknowledged that the license required for tree trimming did not require the applicant to take an examination, and that in order to obtain the required license, neither Rodriguez nor his workers would have been required to demonstrate knowledge of any particular subject matter pertaining to tree trimming.

The trial court refused to allow plaintiffs to refer to the decedent as the homeowners' employee, and refused jury instructions on section 385(b) or plaintiffs' proposed negligence per se theory of the case. The jury found the Nelsons negligent under standard negligence instructions, but found such negligence was not a substantial factor in the cause of the decedent's death. Judgment was entered for the Nelsons.

The Court of Appeal reversed the judgment, concluding the decedent was the Nelsons' employee at law under the penultimate paragraph of Labor Code section 2750.5, as construed in *State Compensation, supra*, 40 Cal.3d 5, and

that defendants were thereby vicariously liable for violating the statutory duty of care embodied in section 385(b), requiring jury instructions on the effect of the statute and the presumption of negligence arising under Evidence Code section 669. The court further rejected the Nelsons' argument that plaintiffs did not factually prove a violation of section 385(b). Acknowledging there was no evidence that anyone saw the decedent move his polesaw within six feet of the power line, the court simply found that "the jury could reasonably conclude from the fact of Flores's electrocution, that he moved his saw within six feet of the high voltage line. This circumstantial evidence supports the instruction."

Finally, the Court of Appeal rejected the Nelsons' argument that the failure to instruct on section 385(b) was harmless because the jury had already found them negligent under standard negligence instructions, without reference to potential vicarious liability for the section 385(b) misdemeanor. The court concluded that "without an instruction on [section 385(b)], the jury would not know the Nelsons were negligent in employing [Rodriguez and his workers, including the decedent, as their employees] to move a tool within six feet of a high voltage line. There is a reasonable probability that had the jury been so instructed, it could have found causation."

## Discussion

The question whether an unlicensed contractor's worker must be deemed a homeowner-hirer's employee under Labor Code section 2750.5 for purposes of tort liability is neither an easy nor settled one. This court in *State Compensation* construed the penultimate paragraph of section 2750.5[2] to mean that contractors injured on the job, who prove to be unlicensed, cannot be independent contractors in the eyes of the law, and are instead deemed employees of the party who hired them by operation of law. (*State Compensation, supra*, 40 Cal.3d at p. 15.) But that holding was reached in the specific context of determining whether, for policy reasons, an unlicensed contractor hired to remodel a homeowner's house who became injured on the job should be deemed the homeowner's employee at law for purposes of rendering him eligible for workers' compensation benefits under the home-owner's insurance policy. (*Ibid.*) The homeowner's potential exposure to tort liability for the contractor's injuries was neither in issue nor considered in *State Compensation*. Nor was a homeowner's liability for injury to a worker in an unlicensed contractor's work crew an issue considered in *State Compensation*.

---

[2] The relevant language of the penultimate paragraph of Labor Code section 2750.5 provides, "[A]ny person performing any function or activity for which a [contractor's] license is required . . . shall hold a valid contractors' license as a condition of having independent contractor status."

The question whether an unlicensed contractor or his worker, when injured on the job, becomes the employee of the homeowner who hired him, under Labor Code section 2750.5, for purposes of tort liability, is nonetheless not ripe for decision here, for we conclude defendant homeowners neither had nor breached any statutory duty of care owed to the deceased worker under section 385(b) in the first instance. Since section 385(b) will not support a negligence per se theory of liability on these facts within the meaning of Evidence Code section 669, the question whether the decedent was the homeowners' employee at law under Labor Code section 2750.5, relevant only to bring section 385(b) into play in the case, is moot.

Plaintiffs initially proceeded on a common law negligence theory, claiming the Nelsons were negligent for failing to keep their property in a reasonably safe condition, and for failing to warn Rodriguez and his workers, including the decedent, about the hazardous condition presented by the high voltage power lines adjacent to their trees.[3] Section 385(b) was not initially pled as a statutory basis supportive of a negligence per se theory of the case. The statute only became relevant upon plaintiffs' further claim that defendants, as the decedent's employers, were vicariously liable for breach of the duty of care embodied in the section.

Section 385(b), enacted in 1947 (Stats. 1947, ch. 1229, § 1, p. 2734), reads in its entirety, "Any person who either personally or through an employee or agent, or as an employee or agent of another, operates, places, erects or moves any tools, machinery, equipment, material, building or structure within six feet of a high voltage overhead conductor is guilty of a misdemeanor."

■ Evidence Code section 669 in turn provides, in relevant part, "(a) The failure of a person to exercise due care is presumed if: [¶] (1) He violated a statute, ordinance, or regulation of a public entity; [¶] (2) The violation proximately caused death or injury to person or property; [¶] (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and [¶] (4) The person suffering the

---

[3] In *Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659 [36 Cal.Rptr.3d 495, 123 P.3d 931], decided after the trial in this case, this court observed that "when there is a known safety hazard on a hirer's premises that can be addressed through reasonable safety precautions on the part of the independent contractor, . . . the hirer generally delegates the responsibility to take such precautions to the contractor, and is not liable to the contractor's employee if the contractor fails to do so." (*Id.* at pp. 673–674.) *Kinsman* goes on to hold that "the hirer as landowner may be independently liable to the contractor's employee, even if it does not retain control over the work, *if:* (1) it knows or reasonably should know of a *concealed*, preexisting hazardous condition on its premises; (2) the contractor does not know and could not reasonably ascertain the condition; and (3) the landowner fails to warn the contractor." (*Id.* at p. 675, italics added.)

Here, testimony established the high voltage power lines in question were openly visible from the Nelson's property.

death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." " 'While the first two elements are normally considered questions for the trier of fact, "[t]he last two elements are determined by the trial court as a matter of law, since they involve statutory interpretation . . . ." ' ([*Capolungo v. Bondi* (1986) 179 Cal.App.3d 346,] 350.)" (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227 Cal.App.3d 318, 336 [277 Cal.Rptr. 753].)

■ "Thus, under the negligence per se doctrine . . . codified in Evidence Code section 669, 'violation of a statute gives rise to a presumption of negligence in the absence of justification or excuse, provided that the "person suffering . . . the injury . . . was one of the class of persons for whose protection the statute . . . was adopted." ' (*Walters* v. *Sloan* (1977) 20 Cal.3d 199, 206–207 [142 Cal.Rptr. 152, 571 P.2d 609].) In short, 'for a statute . . . to be relevant to a determination of negligence, not only must the injury be a proximate result of the violation, but the plaintiff must be a member of the class of persons the statute . . . was designed to protect, and the harm must have been one the statute . . . was designed to prevent.' (*Stafford* v. *United Farm Workers* (1983) 33 Cal.3d 319, 324 [188 Cal.Rptr. 600, 656 P.2d 564].) Consequently, if one is not within the protected class or the injury did not result from an occurrence of the nature which the transgressed statute was designed to prevent, Evidence Code section 669 has no application. (*Mark* v. *Pacific Gas & Electric Co.* (1972) 7 Cal.3d 170, 183 [101 Cal.Rptr. 908, 496 P.2d 1276]; *Hosking* v. *San Pedro Marine, Inc.* (1979) 98 Cal.App.3d 98, 102 [159 Cal.Rptr. 369]; *Cade* v. *Mid-City Hosp. Corp.* (1975) 45 Cal.App.3d 589, 596–597 [119 Cal.Rptr. 571].)" (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court, supra*, 227 Cal.App.3d at p. 336.)

■ Section 385(b) is found in title 10 of the Penal Code, entitled "Of Crimes Against the Public Health and Safety." The section augments the common law "reasonable person" standard of care owed to the general public with regard to the activity of moving or operating equipment in close proximity to power lines, by setting forth a standard of care making it a misdemeanor to move or operate tools and equipment within six feet of a power line, and by assigning strict liability for its violation. Plaintiffs themselves characterize section 385(b) as constituting a "public welfare offense."

■ The standard of care imposed by section 385(b), properly character-ized, amplifies the duty owed by persons using tools or operating equipment near power lines to anyone in the world at large who might be injured by such conduct. Put differently, had the decedent severed a power line and thereby caused injury, not to himself, but to a bystander, he would have breached the duty of care owed to the public, as well as the strict liability

standard of care prescribed in section 385(b), and as a consequence, both he and his employer, the latter vicariously under the express terms of the section, would become subject to misdemeanor criminal liability for breach of the statutory duty and standard of care. What section 385(b) does not do is create or modify a duty to oneself to exercise due care, for "one does not have a *legal* duty to avoid harming himself." (*Sears v. Morrison* (1999) 76 Cal.App.4th 577, 581 [90 Cal.Rptr.2d 528].)

■ Section 385(b) also does not create a separate duty or standard of care *owed by an employer to an employee* engaged in the operation of tools or equipment in close proximity to high voltage lines. The section does not prescribe any particular course of conduct employers must take, or refrain from taking, in order to ensure their employees' safety, nor does it establish any standard of conduct with regard to the supervision of employees engaged in such work. Indeed, an employer could be guilty of a misdemeanor violation of section 385(b) regardless of any steps it might have taken to ensure that its employees did not operate tools or equipment in dangerously close proximity to power lines. In short, section 385(b) makes an employer vicariously criminally liable for the misdemeanor acts of its employees in violation of the section, *regardless of the employer's conduct.*

Here, even if the Nelsons were deemed to be the decedent's employers at law under Labor Code section 2750.5, section 385(b) did not give rise to any special standard of conduct or duty of care owed by them to landscaping contractor Rodriguez or his workers to ensure that their tree trimming work would not result in death or injury to either the contractor or his workers.[4] Instead, the statute merely assigns strict criminal misdemeanor liability to employers whose employees, while engaged in such activities, by their acts violate the statute's strict liability standard of care by moving a tool or piece of equipment within six feet of a power line. Plaintiffs' wrongful death suit against the Nelsons, in contrast, was grounded in the common law tort of negligence, and was properly submitted to the jury based on evidence of the Nelsons' own allegedly negligent acts or omissions that may have caused or contributed to the decedent's fatal injuries. (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court, supra,* 227 Cal.App.3d at p. 333.)

---

[4] Plaintiffs point to *Benard v. Vorlander* (1948) 87 Cal.App.2d 436, 443 [197 P.2d 42], the only reported case to have cited section 385 of the Penal Code, suggesting it imposes "a standard of conduct on the part of an employee *as well as of an employer.*" (*Id.* at p. 443, italics added.) But the statement in *Benard* was dicta, as it arose in a dispute between an injured construction worker and a third party utility company that was not the injured worker's employer. Moreover, the accident in *Benard* occurred prior to the enactment of section 385, and the analysis in that decision does not address whether section 385(b), by making employers vicariously liable for their employees' violations of the section, thereby sets forth a special duty or standard of care owed by employers to their employee-workers and intended to regulate the *employer's* conduct.

The Court of Appeal's contrary holding effectively made these homeowners vicariously liable in tort to the deceased worker, whose own misdemeanor conduct violated section 385(b) and proximately caused his fatal injuries, without regard to the fact that the homeowners had no control over the manner in which either the hired contractor or his workers performed their job. As tragic as this accident was, we find the homeowners breached no special duty of care owed to unlicensed contractor Rodriguez or his workers under section 385(b), and that the trial court therefore properly refused to instruct on plaintiffs' negligence per se theory of liability under that section in conjunction with Evidence Code section 669. In light of that conclusion, we have no occasion to reach or address plaintiffs' further claim that the decedent was the homeowners' employee at law under Labor Code section 2750.5, which question, given our holding, is moot.

## Conclusion

The judgment of the Court of Appeal is reversed, and the matter remanded for further proceedings consistent with the views expressed herein.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.