**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT WALDON, an individual, and SIR WALDON, INC., a California Business Entity, individually and on behalf of all others similarly situated, DBA Oggi's Pizza,<br><br>        Plaintiffs–Appellants,<br><br>  v.<br><br>ARIZONA PUBLIC SERVICE COMPANY, an Arizona Corporation; et al.,<br><br>        Defendants–Appellees. | No. 14-55076<br><br>D.C. No. 3:13-cv-02086-H-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 9, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs brought this suit as a putative class action on behalf of "[a]ll individuals and business entities located within the State[] of California who incurred economic damages" from a 2011 blackout that started in Arizona and spread to parts of California and Mexico. They alleged that Arizona Public Service Company ("APS"), an Arizona-based electric utility,[1] violated federal electricity-reliability standards, *see* 16 U.S.C. § 824*o*, which caused the ensuing cascading blackout, and that APS is thus negligent per se under Arizona law. The district court determined that California law, not Arizona law, applied and dismissed the case under Fed. R. Civ. P. 12(b)(6) because the plaintiffs failed to state a claim under California law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court correctly concluded that California law does not recognize plaintiffs' cause of action for negligence per se. In California, the violation of a statute creates a presumption of negligence, but does not give the plaintiff a negligence cause of action if the law does not otherwise impose a duty on the defendant. *See* Cal. Evid. Code § 669; *Ramirez v. Nelson*, 188 P.3d 659, 664–66 (Cal. 2008); *Rice v. Ctr. Point, Inc.*, 65 Cal. Rptr. 3d 312, 319 (Ct. App. 2007). "In the absence of a contract between the utility and the consumer expressly

---

[1] Plaintiffs also brought suit against APS's parent company and several unnamed defendants. We use "APS" when referring to all defendants.

providing for the furnishing of a service for a specific purpose, a public utility owes no duty to a person injured as a result of an interruption of service or a failure to provide service." *White v. S. Cal. Edison Co.*, 30 Cal. Rptr. 2d 431, 435–36 (Ct. App. 1994). Plaintiffs were not customers of APS and had no contractual claim to damages. The district court thus correctly held that plaintiffs failed to state a claim under California law.

2. Plaintiffs also have not stated a claim under Arizona law. In Arizona, unlike in California, the violation of a statute may give rise to a cause of action for negligence per se, even if the law does not otherwise impose a duty in tort on the defendant. *See, e.g.*, *Salt River Valley Water Users' Ass'n v. Compton*, 8 P.2d 249, 251 (Ariz. 1932), *abrogated on other grounds by MacNeil v. Perkins*, 324 P.2d 211 (Ariz. 1958). An Arizona court "may adopt a statute as the relevant standard of care if it first determines that the statute's purpose is in part to protect a class of persons that includes the plaintiff and the specific interest at issue from the type of harm that occurred and against the particular action that caused the harm." *Tellez v. Saban*, 933 P.2d 1233, 1237 (Ariz. Ct. App. 1996).

APS's alleged violations of federal electricity-reliability standards do not give rise to a claim of negligence per se under Arizona law. Federal regulation extends to the wholesale electricity market and leaves retail regulation of power

3

distribution to state utility commissions. *See, e.g.*, 16 U.S.C. §§ 824(a), 824*o*(a)(3); *FERC v. Elec. Power Supply Ass'n*, 136 S. Ct. 760, 767–68 (2016). Electricity-reliability standards exist "to provide for reliable operation of the bulk-power system," 16 U.S.C. § 824*o*(a)(3), not to protect end users from power outages. Indeed, the statutory scheme gives the power to enforce electricity-reliability standards to a federal agency and a self-regulatory body, *see id.* § 824*o*(e), not to electricity consumers. Federal electricity-reliability standards thus create a duty only between electric utilities and the government, and a violation of the reliability standards does not support a claim of negligence per se under Arizona law. *Cf. Sullivan v. Pulte Home Corp.*, 354 P.3d 424, 427–28 (Ariz. Ct. App. 2015); *Gilbert Tuscany Lender, LLC v. Wells Fargo Bank*, 307 P.3d 1025, 1028–29 (Ariz. Ct. App. 2013).

Two other points further buttress this conclusion. First, the federal electricity-reliability standards do not "proscribe certain or specific acts," but create "a general standard," which "does not support negligence per se." *Hutto v. Francisco*, 107 P.3d 934, 937 (Ariz. Ct. App. 2005); *see Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 613 P.2d 1283, 1285 (Ariz. Ct. App. 1980). Second, "[a]lthough negligence actions are part of Arizona's common law, a negligence action against a public utility for service interruption or other economic

4

losses is not." *U.S. Airways, Inc. v. Qwest Corp.*, 361 P.3d 942, 947 (Ariz. Ct. App. 2015). Accepting the plaintiffs' theory would create broad state-law liability for public utilities under a federal statutory and regulatory scheme that would conflict with Arizona public policy. *See id.* at 949; *see also Lips v. Scottsdale Healthcare Corp.*, 229 P.3d 1008, 1010 (Ariz. 2010) (en banc) ("Courts have not recognized a general duty to exercise reasonable care for the purely economic well-being of others, as distinguished from their physical safety or the physical safety of their property. This reticence reflects concerns to avoid imposing onerous and possibly indeterminate liability on defendants and undesirably burdening courts with litigation." (citation omitted)).

For these reasons, plaintiffs did not state a claim under either California law or Arizona law. Furthermore, the district court correctly concluded that amendment of the plaintiffs' complaint would be futile, as neither state's law provides for tort liability under the circumstances of this case. The district court's order granting APS's motion to dismiss is thus affirmed.

**AFFIRMED.**[2]

---

[2] We grant the motion of Edison Electric Institute, American Public Power Association, National Rural Electric Cooperative Association, and Electric Power Supply Association for leave to file an amicus curiae brief in support of APS. We also grant the requests by plaintiffs and APS for judicial notice.