NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA SMITH, | No. 17-15551 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-04411-LHK |
| v. | |
| PRIDE MOBILITY PRODUCTS CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges

Pamela Smith, an attorney, appeals pro se from the district court's judgment dismissing her diversity action arising from injuries that resulted from a defective wheelchair and lift. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Skilstaf, Inc. v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*CVS Caremark Corp.,* 669 F.3d 1005, 1014 (9th Cir. 2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Smith's claim under California's Unruh Civil Rights Act because Smith failed to allege facts sufficient to show that appellee denied her full and equal accommodations or services. *See* Cal. Civ. Code § 51(b).

The district court properly dismissed Smith's claim under California Civil Code section 51.7 because Smith failed to allege facts sufficient to show that appellee committed violence or intimidation by threat of violence against her person or property. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001) (elements of section 51.7 claim).

To the extent Smith alleged negligence per se claims based on the violation of federal and state laws, the district court properly dismissed such claims because Smith failed to allege facts sufficient to show how any specific federal or state laws or regulations were violated. *See Ramirez v. Nelson*, 188 P.3d 659, 665 (Cal. 2008) (elements of negligence per se claim).

However, Smith alleged that her wheelchair deviated from appellee's intended design because 1) the brakes on the wheelchair failed on a hill; and 2) the lift's retraction device caused the lift's control device to retract too far into the vehicle. Liberally construed, these allegations are sufficient to state a

17-15551

manufacturing defect claim.  *See Barker v. Lull Eng'g Co.*, 573 P.2d 443, 454 (Cal. 1978) (elements of manufacturing defect claim).

Smith also alleged that her wheelchair's design resulted in the loss of brakes on a hill as well as the loss of control over the wheelchair, and that the lift's design results in the lift's retraction device causing the lift's control device to retract too far into the vehicle.  Liberally construed, these allegations are sufficient to state a design defect claim under both the consumer expectations test and risk benefit test. *See id.* at 455-56 (elements of design defect claim under risk benefit test and consumer expectations test).

We reverse the dismissal of Smith's manufacturing defect product liability claims and Smith's design defect product liability claims, and remand for further proceedings as to these claims only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**