Debra CHINEY, Appellant,

v.

AMERICAN DRUG STORES, INC.,
and Stan Hodges, Respondents.

No. WD 56895.

Missouri Court of Appeals,
Western District.

May 2, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 2000.

Stanley L. Wiles, Kansas City, for Appellant.

Hal D. Meltzer and Gregory N. Pottorff, Kansas City, for Respondents.

Before: LAURA DENVIR STITH, P.J., and HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

Appellant Debra Chiney (Ms. Chiney) appeals from the circuit court's granting of summary judgment in favor of American Drug Stores, Inc., and Stan Hodges (defendants) on the grounds that defendants owed no duty of care to Ms. Chiney because she did not have a prescription for the Albuterol inhaler she sought.

Judgment affirmed.

## Background

Ms. Chiney suffers from asthma, which she treats through the use of the prescription medication Proventil, an Albuterol inhaler (Albuterol).[1] In her petition, she alleges: on October 1, 1994, she went to the Osco Drug Store in Kansas City, Missouri, because she was suffering from an acute asthmatic attack and had run out of Albuterol. She did not have a prescription. She therefore requested that pharmacist Stan Hodges[2] either provide the inhaler to her or call the doctor or hospital

---

1. "Proventil[, a bronchodilator,] reduces congestion ... [and patients must] [f]ollow [their] doctor's dosage to the letter." *Health Topics A to Z* (last modified February 14, 2000) <http://www.med.umich.edu/1libr/prescrpt/asthma01.htm>.

2. Mr. Hodges was an employee of defendant American Drug Stores, Inc., which does busi-

to verify she was "entitled to" the Albuterol. Mr. Hodges did not do as she requested, and she therefore had to travel by ambulance to Truman Medical Center for treatment. As a result, Ms. Chiney suffered damage to her breathing.

Defendants filed a motion for summary judgment on the grounds that Mr. Hodges had no legal duty to either fill Ms. Chiney's prescription or call the doctor or hospital when she had no current prescription. The trial court granted summary judgment on behalf of defendants on February 2, 1999, and it is from this judgment that Ms. Chiney now appeals.

### Standard of Review

■■■ We review *de novo* a trial court's granting of summary judgment. *Dunagan by and through Dunagan v. Shalom Geriatric Center*, 967 S.W.2d 285, 287 (Mo.App. W.D.1998) (citing *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). In doing so, we consider the record in the light most favorable to Ms. Chiney and accord her all reasonable inferences that may be drawn from the record, as she was the party against whom summary judgment was entered. *Id.* We consider summary judgment " 'an extreme and drastic remedy' " and are cautious in affirming it, "because the procedure implicates the denial of due process by denying an opposing party his day in court." *Horner v. Spalitto*, 1 S.W.3d 519, 522 (Mo.App. W.D.1999) (quoting *ITT Commercial Fin. Corp.*, 854 S.W.2d at 377). Nonetheless, summary judgment is appropriate if there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Dunagan*, 967 S.W.2d at 287.

### Pharmacist's Duty of Care to Patient Without Prescription

■■■ Ms. Chiney alleged Mr. Hodges was negligent either in failing to give her

an Albuterol inhaler or in failing to call Ms. Chiney's physician or the hospital to establish the fact that she was "entitled to" the inhaler to treat her asthma. "Negligence is the failure to exercise the degree of care which a reasonably prudent and careful person would use under the same or similar circumstances. *Weaks v. Rupp*, 966 S.W.2d 387, 392 (Mo.App. W.D.1998). In order to succeed on a negligence claim, Ms. Chiney must prove: (1) Mr. Hodges had a duty to protect her from injury, (2) Mr. Hodges failed to perform that duty, and (3) that as a result of that failure, she suffered injury. *Id.* Ms. Chiney came into the pharmacy requesting she be provided a prescription Albuterol inhaler, despite not having a written prescription on file with the pharmacy or in her possession. We must decide if Mr. Hodges, as a pharmacist, had a legal duty to protect Ms. Chiney from injury by either providing her with an inhaler without a prescription or by calling her physician or the hospital to see she was "entitled to" an inhaler. "Duty is an obligation imposed by law to conform to a standard of conduct toward another to protect others against unreasonable, foreseeable risks." *Horner*, 1 S.W.3d at 522. If Mr. Hodges owed no duty to Ms. Chiney under these circumstances, then Ms. Chiney's claim fails as a matter of law, and summary judgment is appropriate. *Weaks*, 966 S.W.2d at 392.

■■■ A mere request for assistance does not create a legal duty to help another. *Gandy v. Terminal R.R. Ass'n of St. Louis*, 623 S.W.2d 49, 52 (Mo.App. E.D. 1981) (citing Prosser, *Law of Torts* § 56 (4 th Ed.1971)). While recognizing a moral and humane duty to aid a person in distress or danger, in the absence of some special relation between the parties, the law generally imposes no legal duty to do so. *Kenney v. Hannibal and St. Joseph*

ness as Osco Drug Stores. Ms. Chiney's claim against American Drug Stores, Inc., is

pursuant to the theory of vicarious liability.

*R.R. Co.,* 70 Mo. 252, 257 (1879); Prosser, *supra,* § 56; 57 Am.Jur.2d *Negligence* § 98 (1984). The general rule of law imposed no duty on Mr. Hodges to come to Ms. Chiney's aid. However, was there a special relationship between the two which created a duty for Mr. Hodges to assist her?

■ "'When the existence of a duty to use due care rests on a relationship between persons, the law has simply placed the actor under obligation for the benefit of another person—the plaintiff—in the given circumstances.'" *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.,* 700 S.W.2d 426, 432 (Mo. banc 1985) (quoting *Hyde v. City of Columbia,* 637 S.W.2d 251, 257 (Mo.App. W.D.1982)). The relationship between Mr. Hodges and Ms. Chiney was one of a pharmacist to a potential customer. We must determine whether the statutes, rules, principles and precedents which make up the law recognize the existence of this relationship as a basis for a duty owed by Mr. Hodges to Ms. Chiney in this situation. *Parra v. Building Erection Services,* 982 S.W.2d 278, 283 (Mo.App. W.D.1998).

■ We first consult chapter 338 of the Revised Statutes of Missouri. Section 338.010 RSMo 1994, defines the "practice of pharmacy" as:

[T]he interpretation and evaluation of prescription orders; the compounding, dispensing and labeling of drugs and devices *pursuant to prescription orders;* the participation in drug selection according to state law and participation in drug utilization reviews; the proper and safe storage of drugs and devices and the maintenance of proper records thereof; consultation with patients and other health care practitioners about the safe and effective use of drugs and devices; and the offering or performing of those acts, services, operations or transactions necessary in the conduct, operation, management and control of a pharmacy.

(Emphasis added.) This language, when defining the role of a pharmacist as a dispenser of drugs, makes it clear that the function is performed "pursuant to prescription orders." *Id.* The § 338.010 definition does not describe or anticipate the practice of pharmacy to include calling a doctor or hospital to see if a potential customer, who does not have a written prescription, is entitled to prescription medication when he or she requests prescription medication due to immediate need. A review of Chapter 538 of our statutes, relating to health care provider tort law, likewise reveals no such requirements.

Mr. Hodges is a pharmacist, not a medical doctor. His duties involve interpreting, evaluating and compounding or *filling* prescription orders. § 338.010. The pharmacist does not prescribe or make these orders, but rather he or she *fills* and dispenses prescriptions according to the directions of other health care providers authorized to prescribe medication. *Id.;* 4 C.S.R. 220–2.018.

As a part of the OMNIBUS BUDGET RECONCILIATION ACT OF 1990, Congress required the states to establish standards regarding a pharmacist's consultation with customers. Missouri's State Board of Pharmacy complied with that mandate by promulgating 4 C.S.R. 220–2.190, which states in part:

*Upon receipt of a prescription drug order* and following a review of the available patient information, a pharmacist or his/her designee shall personally offer to discuss matters which will enhance or optimize drug therapy with each patient or caregiver of each patient. Counseling shall be conducted by the pharmacist or a pharmacy extern under the pharmacist's immediate supervision to allow the patient to safely and appropriately utilize the medication so that maximum therapeutic outcomes can be obtained. If the patient or caregiver is not available, then a written offer to counsel with a telephone number of the dispensing pharmacy at no cost to the patient must be supplied with the medication so that

the patient or caregiver may contact the pharmacist for counseling when necessary. The element of counseling shall include matters which the pharmacist deems significant in the exercise of his/her professional judgment and is consistent with applicable state laws.

4 C.S.R. 220–2.190.1 (emphasis added). These duties to consult attach "upon receipt of a prescription drug order." *Id.* On the facts of this case, we find that Mr. Hodges was under no legal duty to provide prescription medication, call a doctor or consult with Ms. Chiney because Ms. Chiney had never filled a prescription at his pharmacy before and he never received a prescription drug order.

### Conclusion

Accordingly, as we have determined defendants had no legal duty to either provide Ms. Chiney with the prescription medication or call her hospital or doctor to verify that she was entitled to it, Ms. Chiney's negligence claim fails as a matter of law. The entry of summary judgment on behalf of defendants was appropriate. The trial court's judgment is affirmed.

LAURA DENVIR STITH, P.J., and NEWTON, J., concur.