SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| MONICA LIPS; WALTER LIPS, | ) | Arizona Supreme Court |
| | ) | No. CV-09-0273-PR |
| Plaintiffs/Appellants, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division One |
| | ) | No. 1 CA-CV 08-0097 |
| SCOTTSDALE HEALTHCARE | ) | |
| CORPORATION, an Arizona | ) | Maricopa County |
| corporation, | ) | Superior Court |
| | ) | No. CV2006-010041 |
| Defendant/Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |


Appeal from the Superior Court in Maricopa County
The Honorable A. Craig Blakey, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division One
222 Ariz. 346, 214 P.3d 434 (2009)

**VACATED IN PART**
_____


BEUS GILBERT PLLC                                         Scottsdale
    By   Leo R. Beus
         Keith C. Ricker
Attorneys for Monica Lips and Walter Lips

KENT & WITTEKIND, P.C.                                       Phoenix
    By   Richard A. Kent
         Gordon K. Clevenger
Attorneys for Scottsdale Healthcare Corporation

HARALSON, MILLER, PITT, FELDMAN & MCANALLY P.L.C.          Tucson
    By   Stanley G. Feldman

And

LAW OFFICES OF DAVID L. ABNEY, ESQ.                          Phoenix
     By    David L. Abney
Attorneys for Amici Curiae Arizona Association for Justice and
Arizona Trial Lawyers Association

_____

**R Y A N**, Justice

¶1      We today consider whether to recognize a tort of
negligent or intentional third-party spoliation.  Spoliation is
the destruction or material alteration of evidence.   When
spoliation is committed by a party to a lawsuit, it is referred
to as first-party spoliation; when committed by a non-party, it
is called third-party spoliation.

¶2      We decline to recognize a tort of third-party
negligent spoliation.  We need not decide, however, whether to
recognize a tort of third-party intentional spoliation, because
that tort requires an allegation not made in this case – that
the defendant intended to harm the plaintiff's interests.

**I**

¶3      In 2004, surgeons replaced Monica Lips's left hip.
The prosthesis failed after seventeen months and parts of it
were surgically removed at a Scottsdale Healthcare Corporation
("SHC") hospital.  Lips believed that the hip prosthesis was
defective, and asked her surgeon to preserve the explanted
parts.  The surgeon, in turn, told SHC that it was obliged to
retain them.

2

¶4      Lips later sued the manufacturer of the prosthesis. During discovery, she learned that the prosthesis parts, which she believed were being kept by SHC, could not be found. Lips filed an amended complaint claiming that SHC was liable for spoliation of the parts.

¶5      The superior court granted SHC's motion to dismiss, concluding that Arizona does not recognize third-party spoliation of evidence as a separate tort. The court of appeals affirmed. *Lips v. Scottsdale Healthcare Corp.*, 222 Ariz. 346, 351-52 ¶¶ 20-21, 214 P.3d 434, 439-40 (App. 2009).

¶6      We granted the petition for review to consider "[w]hether Arizona should recognize intentional and negligent spoliation of evidence by a third party as independent causes of action," an issue of statewide importance. *See* ARCAP 23(c). We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and Arizona Revised Statutes section 12-120.24 (2003).

## II

### A

¶7      We addressed first-party spoliation in *La Raia v. Superior Court*, a lawsuit involving claims for physical injuries resulting from pesticide poisoning. 150 Ariz. 118, 120-21, 722 P.2d 286, 288-89 (1986). The defendant destroyed the pesticide can that had been used, delaying the plaintiff's proper

3

treatment. *Id.* at 120, 722 P.2d at 288. The plaintiff argued that she had a separate cause of action against the defendant for destruction of the can. *Id.* We rejected the claim because the defendant's actions exacerbated the physical injuries already caused by its negligence, and a complete remedy could be obtained through a damages award in the underlying lawsuit. *Id.* at 121-22, 722 P.2d at 289-90. An additional cause of action was unnecessary.

¶8        Our decision to forgo creating a distinct cause of action for first-party spoliation in *La Raia* comports with the approach of many courts that address such allegations in the underlying suit through sanctions, including adverse inference instructions and other mechanisms. *See Cedars-Sinai Med. Ctr. v. Superior Court (Bowyer)*, 954 P.2d 511, 517 (Cal. 1998) (explaining that "there are a number of nontort remedies that seek to punish and deter the intentional spoliation of evidence . . . . [c]hief among [which] is the evidentiary inference that evidence which one party has destroyed or rendered unavailable was unfavorable to that party"); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958, 960-61 (9th Cir. 2006) (affirming dismissal against party for bad faith destruction of relevant evidence); *cf.* Ariz. R. Civ. P. 37(d) ("A party's or attorney's knowing failure to timely disclose damaging or unfavorable information shall be grounds for imposition of serious sanctions

4

in the court's discretion up to and including dismissal of the claim or defense.").

**B**

¶9      *La Raia* is not controlling in this lawsuit, which alleges third-party spoliation.  In such instances, courts have distinguished between negligent and intentional spoliation claims.  *Oliver v. Stimson Lumber Co.*, 993 P.2d 11, 19 (Mont. 1999); *Coleman v. Eddy Potash, Inc.*, 905 P.2d 185, 188-89 (N.M. 1995), *overruled on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148 (N.M. 2001).  Lips argues that her complaint states a cause of action under both theories of liability.  We address each in turn.

**1**

¶10      Generally, a cause of action for negligence arises from a duty, a determination that a person is required to conform to a particular standard of conduct.  *Gipson v. Kasey*, 214 Ariz. 141, 143 ¶ 10, 150 P.3d 228, 230 (2007).  Whether a duty exists is a matter of law for the court to decide.   *Id.* at ¶¶ 9-10.  "Duties of care may arise from special relationships based on contract, family relations, or conduct undertaken by the defendant," and from public policy considerations.  *Id.* at 145 ¶¶ 18, 23, 150 P.3d at 232.  For example, the common law imposes a duty of reasonable care on a party who voluntarily undertakes to protect persons or property

5

from physical harm.  *See* Restatement (Second) of Torts § 323 (1965).  Here, however, Lips alleges that the negligent loss or destruction of the prosthesis parts compromised her ability to prove her products-liability related claims against the manufacturer.  Thus, she has alleged purely pecuniary injury rather than any injury to her person or property.

¶11     Courts have not recognized a general duty to exercise reasonable care for the purely economic well-being of others, as distinguished from their physical safety or the physical safety of their property.  *See* Dan B. Dobbs, *The Law of Torts* § 452, at 329-31 (Supp. 2009).  This reticence reflects concerns to avoid imposing onerous and possibly indeterminate liability on defendants and undesirably burdening courts with litigation. *Id.* at 331, 333.  Consequently, commentators have recognized that "liability for negligence [in such cases] . . . must depend upon the existence of some special reasons for finding a duty of care."  William L. Prosser, *The Law of Torts* § 130, at 952 (1971); *see, e.g.,* Restatement (Second) of Torts § 766C (1979) (rejecting liability for pure pecuniary loss based on negligent interference with contract or prospective contract).

¶12     Our cases are consistent with this approach.  For example, we recognized that interference with business relations requires intent to interfere with an established or potential business relationship.  *Antwerp Diamond Exch. of Am., Inc. v.*

6

*Better Bus. Bureau of Maricopa County, Inc.*, 130 Ariz. 523, 530, 637 P.2d 733, 740 (1981), *modified on other grounds by Wagenseller v. Scottsdale Mem'l. Hosp.*, 147 Ariz. 370, 386, 710 P.2d 1025, 1041 (1985). On the other hand, we recognized a duty to use reasonable care with regard to economic loss in particular professional and business relationships. *See Flagstaff Affordable Hous. Ltd. P'ship. v. Design Alliance, Inc.*, 223 Ariz. 320, ___ ¶ 45, 223 P.3d 664, 673 (2010) (explaining that fiduciary role of attorney undergirds action for professional malpractice); *Hartford Accident & Indem. Co. v. Aetna Cas. & Sur. Co.*, 164 Ariz. 286, 289, 792 P.2d 749, 752 (1990) (insurer bad faith failure to settle); *Barmat v. John and Jane Doe Partners*, 155 Ariz. 519, 523, 747 P.2d 1218, 1222 (1987) ("As a matter of public policy, attorneys, accountants, and other professionals owe special duties to their clients, and breaches of those duties are generally recognized as torts."). Similarly, the tort of negligent misrepresentation recognizes a duty to exercise reasonable care in providing information to a limited class of recipients. *See Flagstaff Affordable Hous. Ltd.*, 223 Ariz. at ___ ¶ 39, 223 P.3d at 672 (discussing negligent misrepresentation); *St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307, 312-13, 742 P.2d 808, 813-14 (1987); *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139

7

Ariz. 184, 189, 677 P.2d 1292, 1297 (1984), *overruled on other grounds by Gipson*, 214 Ariz. at 144 ¶¶ 14-15, 150 P.3d at 231.[1]

¶13     Our reluctance to broadly recognize a duty to avoid causing purely economic loss comports with the refusal of other courts to recognize a tort for negligent spoliation. *See Fletcher v. Dorchester Mut. Ins. Co.*, 773 N.E.2d 420, 424-27 (Mass. 2002) (rejecting negligent spoliation as a tort because of uncertainty in resolving issues of causation and damages); *accord Meyn v. State*, 594 N.W.2d 31, 34 (Iowa 1999) (relying on similar reasoning in affirming dismissal of negligent-spoliation claim when hospital destroyed failed knee prosthesis despite plaintiff's request to preserve it for evidentiary use in future litigation against manufacturer); Dobbs, *supra*, at 1280 (2001) (concluding that negligent spoliation has been disfavored).

¶14     Lips claims, however, that she seeks recognition of only a "limited" duty, arising from the surgeon's request to SHC to retain the prosthetic evidence.  In general, however, a duty of care is not created by a mere request for help, or by unilaterally being told by another that a duty exists. *See La Raia*, 150 Ariz. at 121, 722 P.2d at 289 (explaining that "the common law generally refused to impose a duty upon one person to

---

[1]     Lips did not allege that SHC caused harm to the prosthesis parts themselves and she conceded at oral argument that SHC's alleged spoliation caused no "physical harm" to the parts, as required under Restatement (Second) of Torts § 323.

8

give aid to another"); *Chiney v. Am. Drug Stores, Inc.*, 21 S.W.3d 14, 16 (Mo. App. 2000) ("A mere request for assistance does not create a legal duty to help another."); *accord* Restatement (Second) of Torts § 314 (1965) ("The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action."). We therefore decline Lips's invitation to establish a negligent spoliation tort.

**2**

¶15        We reach a different conclusion with regard to Lips's claim of intentional spoliation. Every jurisdiction that recognizes a third-party intentional spoliation tort requires specific intent by the defendant to disrupt or injure the plaintiff's lawsuit. *See, e.g., Oliver*, 993 P.2d at 22 (requiring "the intentional destruction of evidence designed to disrupt or defeat the potential lawsuit"); *Coleman*, 905 P.2d at 189 (same). Because of this requirement, rejecting the third-party negligent spoliation tort is not inconsistent with recognizing the tort of intentional spoliation. *Coleman*, 905 P.2d at 189-90. Nor would such a position be inconsistent with our cases, which have required proof of some culpable intent in allowing recovery for certain economic losses. *See Antwerp Diamond Exch.,* 130 Ariz. at 530, 637 P.2d at 740 (stating that

interference with business expectancy is a "specific intent" tort).

¶16     Here, although the complaint alleges that SHC intentionally disposed of the evidence, Lips concedes it does not allege that SHC did so with the intent to disrupt the litigation, nor does the complaint assert any facts from which such an intent might reasonably be inferred.  The complaint merely asserts that Lips's surgeon informed SHC of a "duty" to preserve the prosthesis.  This is insufficient to permit an inference that the hospital knew of the lawsuit and acted to disrupt or defeat it.  *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419-20 ¶¶ 7, 14, 189 P.3d 344, 346-47 (2008) ("[C]ourts are limited to considering the well-pled facts and . . . reasonable interpretations of those facts.").  Therefore, even assuming that we would recognize the tort of third-party intentional spoliation, the superior court correctly granted the motion to dismiss.

### III

¶17     For the foregoing reasons, we vacate ¶¶ 13-21 of the opinion of the court of appeals and affirm the superior court's order dismissing the Lips's spoliation claims.

10

_____
                               Michael D. Ryan, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice