NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KATHY WARFORD, *Plaintiff/Appellant*,

*v.*

99 CENTS ONLY STORES, *Defendant/Appellee*.

No. 1 CA-CV 21-0431
FILED 3-24-2022

Appeal from the Superior Court in Maricopa County
No.  CV2019-013695
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Lloyd Baker Injury Attorneys, Phoenix
By Rick J. Horton, Lloyd Baker, Amy M. Conway
*Counsel for Plaintiff/Appellant*

Jones, Skelton & Hochuli PLC, Phoenix
By Joshua M. Snell, Petra L. Emerson
*Counsel for Defendant/Appellee*

—————————————————

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

—————————————————

**B A I L E Y**, Judge:

**¶1**      Appellant Kathy Warford challenges the superior court's grant of summary judgment to Appellee 99 Cents Only Stores ("99 Cents"). We affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Warford was injured in a slip-and-fall incident while shopping at a 99 Cents store. She sued 99 Cents, alleging that it negligently failed to clean up or place warning signs by a broken bottle of hand sanitizer on the floor that caused her to fall.

**¶3**      99 Cents moved for summary judgment, contending Warford could not offer any evidence to show that it either caused or had any notice of the spill. In response, Warford argued 99 Cents was negligent because (1) it did not complete an incident report and (2) its hourly floor inspection report from the day of the fall "ha[d] been doctored." Warford also argued that 99 Cents did not preserve relevant surveillance camera footage.

**¶4**      The superior court granted 99 Cents' motion. Warford timely appealed following the entry of final judgment. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1) and 12-120.21(A)(1).

## DISCUSSION

**¶5**      We review *de novo* whether summary judgment is warranted, including whether genuine issues of material fact exist and whether the trial court properly applied the law. *Am. Furniture Warehouse Co. v. Town of Gilbert*, 245 Ariz. 156, 159, ¶ 9 (App. 2018). We view the evidence in the light most favorable to Warford as the non-prevailing party. *Normandin v. Encanto Adventures, LLC*, 246 Ariz. 458, 460, ¶ 9 (2019). Summary judgment should be granted only "if the facts produced in support of [a] claim . . . have so little probative value, given the quantum of evidence required, that

reasonable people could not agree with the conclusion advanced by the proponent of the claim." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990).

¶6         Warford was a business invitee to whom 99 Cents owed a duty of care. *See Stephens v. Bashas' Inc.*, 186 Ariz. 427, 430 (App. 1996). 99 Cents therefore was obligated to exercise reasonable care to make its premises safe for her use. *See id.*; *McMurtry v. Weatherford Hotel, Inc.*, 231 Ariz. 244, 252, ¶ 23 (App. 2013). Reasonable care includes "an obligation to discover and correct or warn of unreasonably dangerous conditions that the possessor of the premises should reasonably foresee might endanger an invitee." *Id.* But the mere occurrence of a fall within business premises does not by itself establish negligence. *Walker v. Montgomery Ward & Co.*, 20 Ariz. App. 255, 258 (1973).

I.       Warford Did Not Present Evidence Showing 99 Cents Had Actual or Constructive Notice of the Spill.

¶7         Warford contends she presented sufficient evidence to show 99 Cents had notice of the spill before her fall. She does not identify any such evidence; she instead accuses 99 Cents of "failing to preserve evidence" and "failing to properly record the event on an incident report," which she contends means 99 Cents was "negligent in [its] investigation and reporting of the incident." Even assuming 99 Cents did not adequately investigate or report Warford's fall after it happened, that does not bear on whether 99 Cents acted negligently in a way that caused or contributed to her fall. *See, e.g., Dupray v. JAI Dining Services (Phoenix), Inc.*, 245 Ariz. 578, 583, ¶ 17 (App. 2018) ("A plaintiff suing for negligence must prove, *inter alia*, a 'causal connection' between the defendant's breach and the plaintiff's resulting injuries.").

¶8         Warford also repeats her contention that someone altered 99 Cents' hourly floor inspection report, contending the handwriting on the 7:38 p.m. entry differs from other entries purportedly made by the same employee. She contends this is circumstantial evidence that the spill was there long enough for 99 Cents to have either actual or constructive notice of it. *See Safeway Stores, Inc. v. Cone*, 2 Ariz. App. 151, 154 (1965) ("[W]hile plaintiff must prove that the defective condition existed long enough so that by the use of reasonable care it should have been discovered and remedied, that fact, like other facts, may be proved by circumstantial as well as by direct evidence.") (citation omitted).

¶9         Warford testified she fell at around 6:25 p.m., approximately ten minutes after she arrived at the store. And she did not challenge other

entries on the same report indicating that 99 Cents employees performed inspections at 4:41 p.m. and 5:30 p.m.  As such, whether the 7:38 p.m. entry was altered is irrelevant, and there is no record evidence showing that 99 Cents had notice of the spill before Warford fell.

II.     Warford Failed to Show 99 Cents Spoliated Potentially Relevant Evidence.

¶10        Warford also alleges 99 Cents spoliated evidence by not preserving surveillance video from the day of her fall.  A party spoliates evidence if it destroys or materially alters the evidence. *Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 267, ¶ 1 (2010).  Litigants have a duty to preserve evidence they know or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery request. *Souza v. Fred Carries Contracts, Inc.*, 191 Ariz. 247, 250 (App. 1997) (citation omitted).  We review spoliation rulings for an abuse of discretion.  *Id.* at 249.

¶11        The undisputed record shows that none of the store's video cameras were positioned to record either the spill or Warford's fall. Warford nonetheless contends the footage may have shown "who was coming in and out of the store, the cashiers, and . . . whether the hourly safety inspections were actually being completed as logged."  This is pure speculation that does not overcome summary judgment. *See Cullison v. City of Peoria*, 120 Ariz. 165, 168 (1978) ("Hearsay or speculation is not competent evidence" to overcome summary judgment).

## CONCLUSION

¶12        We affirm.  99 Cents may recover its taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

