NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JEANNINE LIBERTI, *Plaintiff/Appellant*,

*v.*

CITY OF SCOTTSDALE, *Defendant/Appellee*.

No. 1 CA-CV 22-0599
FILED 6-20-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-002189
The Honorable Joan M. Sinclair, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Counsel for Plaintiff/Appellant*

Scottsdale City Attorney's Office, Scottsdale
By Lori S. Davis
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

---

Vice Chief Judge David B. Gass delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Andrew M. Jacobs joined.

---

**G A S S**, Vice Chief Judge:

¶1 This case arises out of the July 16, 2016 death of Dylan Liberti. During a response to a 911 call, a City of Scottsdale police officer shot and killed Dylan. His parents timely pursued traditional tort claims against the City in federal court but did not prevail. In 2022—six years after Dylan's death and more than two years after losing the federal case—Dylan's mother, Jeannine Liberti, brought this action in state court.

¶2 The superior court dismissed Liberti's complaint with prejudice, finding all her claims collaterally attacked the federal judgment. Because Arizona does not recognize three of Liberti's four claims as independent torts, we affirm the superior court's decision on those claims. Because Liberti's fourth claim, abuse of process, is an independent tort in Arizona, it is not a collateral attack on the federal judgment. For these reasons, we vacate in part and remand for the superior court to consider Liberti's abuse of process claim.

## FACTUAL AND PROCEDURAL HISTORY

¶3 The facts leading to Dylan's death are not at issue in this appeal. For context, two City police officers responded to Dylan's 911 call. During their interaction, one officer shot and killed Dylan. The other officer's body camera captured the incident. A third officer arrived after the first two. That third officer's body camera captured the shooting or moments after. This case is about Liberti's allegations about changes to body-camera footage from the two City police officers.

### I. The Federal Lawsuit

¶4 In 2017, Dylan's parents filed a lawsuit against the City and other parties, which was removed to the federal court. In the federal lawsuit, Dylan's parents brought claims for wrongful death, negligence, civil rights violations, and violation of the Americans with Disabilities Act. During discovery, the City disclosed the body camera videos to Dylan's parents.

¶5         The defendants then moved for summary judgment. Dylan's parents responded to the defendants' statement of facts, denying the first body camera video "necessarily represent[ed] every second of video recorded by [the officer] at the time." Dylan's parents also denied the second body camera video began when the officer fired the shots. In 2018, the district court granted the defendants' motion and dismissed the case, reasoning "[b]ased on undisputed evidence, no reasonable jury could conclude [] the [o]fficers acted unreasonabl[y] under the circumstances."

¶6         In 2019, Dylan's parents appealed the district court's decision to the Ninth Circuit, which affirmed the district court's decision. Dylan's parents then petitioned for certiorari to the United States Supreme Court, which denied their petition in 2021. *See Liberti v. City of Scottsdale*, No. CV-17-02813-PHX-DLR, 2018 WL 4335442 (D. Ariz. Sept. 11, 2018), *aff'd*, 816 Fed. Appx. 89 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1387 (2021). With the denial of certiorari, the federal judgment became final.

## II.    The Superior Court Case

¶7         On or about June 16, 2021 (a little less than four months after the United States Supreme Court denied certiorari), Liberti filed a notice of claim with the City. And on February 22, 2022, she filed a complaint in the superior court. In the superior court case, Liberti alleged four civil causes of action against the City: (1) intentional spoliation of evidence; (2) obstruction of justice; (3) tampering with public records and physical evidence; and (4) abuse of process. The City moved to dismiss, and the superior court granted the motion dismissing the case with prejudice.

¶8         This court has jurisdiction over Liberti's timely appeal under article VI, section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21.A.1, and -2101.A.1.

## ANALYSIS

¶9         Liberti argues this court should recognize as independent causes of action three new tort claims in Arizona: (1) spoliation; (2) obstruction of justice; and (3) tampering with public records and physical evidence. She then asks this court to rule those new tort claims and her civil abuse of process claim are not collateral attacks on the federal judgment.

¶10        This court reviews *de novo* the superior court's ruling on a motion to dismiss and may affirm on any ground supported by the record. *See id.* at 355 ¶ 7; *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 72 ¶ 15 (App. 2014). When reviewing a motion to dismiss, this court must

"assume the truth of all of the complaint's material allegations." *Stauffer v. Premier Serv. Mortg., LLC*, 240 Ariz. 575, 577 ¶ 9 (App. 2016) (quotation omitted).

**¶11** But this court does not accept as true "allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389 ¶ 4 (App. 2005). And this court will affirm the superior court's dismissal only if, as a matter of law, Liberti is not "entitled to relief under any interpretation of the facts susceptible of proof." *See Fid. Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998).

## I. Arizona does not recognize spoliation, obstruction of justice, and tampering with public records and physical evidence as independent torts.

**¶12** To date, Arizona has not recognized spoliation, obstruction of justice, and tampering with public records and physical evidence as independent torts. *See, e.g.*, *Tobel v. Travelers Ins. Co.*, 195 Ariz. 363, 371 ¶ 43 (App. 1999). As to the first of these would-be torts, we have ample guidance in Arizona case law. The Arizona Supreme Court has repeatedly declined to recognize spoliation as an independent tort. *See Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266 (2010); *La Raia v. Superior Court*, 150 Ariz. 118 (1986). And this court is bound by the Arizona Supreme Court's decisions. *Sell v. Gama*, 231 Ariz. 323, 330 ¶ 31 (2013) (recognizing the Arizona Supreme Court alone is responsible for modifying its precedent).

**¶13** The Arizona Supreme Court has yet to address the viability of the other two potential tort claims—obstruction of justice and tampering with public records and physical evidence. Liberti points to no Arizona authority recognizing them as such. And this court found none. Without any case law or statutory authority, this court looks to the Restatement (Third) of Torts for guidance. *See Arellano v. Primerica Life Ins. Co.*, 235 Ariz. 371, 378 ¶ 32 (App. 2014). The Restatement also does not recognize those claims as independent torts. *See generally* Restatement (Third) of Torts. Moreover, obstruction of justice and tampering with public records already exist as criminal offenses. *See* A.R.S. §§ 13-2407, -2409. And as a general rule, this court will not infer a private cause of action for a criminal offense unless the legislature expresses an intent to create one "to protect any special group." *Phoenix Baptist Hosp. & Med. Ctr. Inc. v. Aiken*, 179 Ariz. 289, 294 (App. 1994). Our legislature has not. We, thus, discern no basis in Arizona law that supports our creation of the torts for which Liberti advocates.

¶14 True, "Arizona's judiciary shares responsibility for the evolution of the law of torts." *See Estate of Hernandez-Wheeler v. Ariz. Bd. of Regents*, 177 Ariz. 244, 254 (1994). But the judiciary exercises "great restraint" in declaring public policy absent legislative guidance. *Zambrano v. M & RC II LLC, et al.*, 254 Ariz. 53, 72 ¶ 43 (2022). Notably, in declining to recognize the proposed tort of third-party spoliation, the Arizona Supreme Court expressed concern about recognizing novel torts grounded in duties of care for "the purely economic well-being of others, as distinguished from their physical safety." *Lips*, 224 Ariz. at 268 ¶ 11. These policy considerations, which apply with equal force to the other two novel torts Liberti asks us to recognize, include "concerns to avoid imposing onerous and possibly indeterminate liability on defendants and undesirably burdening courts with litigation." *See id.*

¶15 The other remedies available to Liberti, short of altering Arizona tort law, likewise cut against recognizing these novel torts. Liberti could have achieved the remedies she seeks now in the federal lawsuit through "sanctions, including adverse inference instructions and other mechanisms." *See id.* at 267 ¶ 8.

¶16 Finally, this court seldom recognizes new causes of action without guidance from the Arizona Supreme Court. *See Zambrano v. M & RC II LLC, et al.*, 252 Ariz. 10, 13 ¶ 17 (App. 2021) *review granted* (Mar. 1, 2022), *vacated on other grounds*, 254 Ariz. 53 (2022). Taking all these reasons together, we decline to expand the scope of tort liability here.

¶17 Because we affirm the superior court's decision based on current tort liability law, we need not address whether Liberti's first three claims are a collateral attack on the federal judgment. *See Mirchandani*, 235 Ariz. at 72 ¶ 15 (explaining this court may affirm the superior court's decision on any ground supported by the record).

## II. Liberti's abuse of process claim is not a collateral attack on the federal judgment.

¶18 Arizona recognizes Liberti's fourth claim, abuse of process, as an independent tort. *See Neindstedt v. Wetzel*, 133 Ariz. 348, 353 (App. 1982). Abuse of process is a willful act in the use of judicial process for an ulterior purpose not proper in the regular conduct of the proceedings. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257 ¶ 11 (App. 2004). Liberti's complaint alleges the City "committed civil abuse of process by willfully using the judicial process for the purpose of avoiding liability for the wrongful death of Dylan Liberti," which Liberti argues is an "ulterior purpose not proper

in the regular conduct of civil proceedings." Because the complaint's allegations are sufficient to state a claim for abuse of process, we vacate the superior court's ruling in part and remand for the superior court to consider the claim on its merits. *See Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508 (App. 1987).

### III. This court will not consider the City's statute of limitations arguments raised for the first time on appeal.

¶19 On appeal, the City argues Liberti's abuse of process claim is time-barred for two reasons. First, the City argues Liberti filed her notice of claim more than 180 days after the claim arose. *See* A.R.S. § 12-821.01.A. Second, she filed her superior court lawsuit more than a year after the claim arose. *See* A.R.S. § 12-821.

¶20 Significantly, the City did not ask the superior court to dismiss Liberti's abuse of process claim on either basis. Indeed, the City seems to have considered and specifically rejected moving to dismiss on the untimeliness ground. The City's motion to dismiss explained, "In asserting limited grounds in this Motion to Dismiss, the Defendant is not waiving and hereby is expressly preserving all other defenses to this suit including but not limited to statutes of limitations and failure to state a claim on other grounds." We decline to consider the City's new argument in this appeal. *See Paloma Inv. Ltd. P'ship v. Jenkins*, 194 Ariz. 133, 137 ¶ 17 (App. 1998) ("New arguments may not be raised for the first time on appeal.").

## COSTS

¶21 Liberti requests costs she incurred on appeal under A.R.S. §§ 12-331, -341, -342, and ARCAP 21. We award Liberti her reasonable costs upon compliance with ARCAP 21.

## CONCLUSION

¶22 We affirm in part, vacate in part, and remand for the superior court to consider the abuse of process claim.

